193 N.J. Super. 2 (1984)
471 A.2d 1203
IN RE PRESENTMENT OF BERGEN COUNTY GRAND JURY.
Superior Court of New Jersey, Appellate Division.
Submitted December 21, 1983.
Decided February 3, 1984.
*4 Before Judges MATTHEWS, COLEMAN and GAULKIN.
Goodman, Lustgarten & Frieman, attorneys for the objecting individual (Richard A. Lustgarten, on the brief).
Larry J. McClure, Bergen County Prosecutor, attorney for appellant State of N.J. (Fred L. Schwanwede, Asst. Prosecutor, on the brief).
The opinion of the court was delivered by MATTHEWS, P.J.A.D.
After a lengthy inquiry by members of the Bergen County Prosecutor's office and presentation of testimony to a Bergen County Grand Jury, fourteen members of the grand jury panel handed up a presentment on March 14, 1983, to the Assignment Judge of Bergen County. The presentment named six individuals who are, or were at the time, employees of Bergen Pines Hospital.
*5 While the word "censure" was never used specifically, the grand jury acknowledged at the handup that the presentment was in the nature of a censure. At the same time the grand jury returned an indictment against an individual not named in the presentment. The indictment relates to the same subject matter as the presentment, but its contents do not have any impact on the issues before us. The indictment has been sealed by the court pending the resolution of this appeal.
Pursuant to R. 3:6-9(c), the assignment judge directed that copies of the presentment be served personally upon the six individuals named. They were also advised by cover letter of the necessity for confidentiality and of the time limits contained in the court rules. One of the individuals named filed a notice of motion for an in camera hearing as provided by R. 3:6-9(c), seeking to excise all references to that individual from the presentment. That person was the only censured individual to request such a hearing.
This individual presented testimony, exhibits and oral argument in support of the motion at in camera hearings conducted between April 28 and May 16, 1983. Pursuant to a suggestion by the court, the State submitted a form of revised presentment in which all references to specific individuals were deleted.
The assignment judge reconvened the grand jury on May 19, 1983, to advise them of his decision to strike the presentment in its entirety. An order to this effect was signed on May 20, 1983.
Thirteen members of the grand jury met on May 19, June 2 and 15, 1983 to consider whether to take the appeal provided to them in R. 3:6-9(e). As an aid to their decision, and with the court's approval, the entire contents of the named individual's testimony was read to them and the exhibits presented were made available to them. On June 15, 1983, by a vote of 12 to 1, the grand jury panel decided to appeal the assignment judge's order. That same day they were discharged.
The State has appealed on behalf of the grand jury. It does not assert that the assignment judge abused his discretion in *6 striking the name of the individual who obtained a hearing pursuant to R. 3:6-9(c), but contends that he erred in striking the names of all other individuals because they had not challenged the legitimacy of the presentment. Further, the State argues that it was error to suppress the presentment in its entirety even with all names stricken.
All parties named in the presentment were given notice of the State's appeal. The individual who originally moved for a hearing again was the only person who responded. That individual argues that it is improper to release the presentment even with all names stricken because (a) it still implicates the individuals involved and improperly alters the work of the grand jury, (b) neither the county nor the hospital has been given an opportunity to be heard regarding release of the presentment and (c) the other individuals whose names were stricken from the proposed revised presentment have not had a chance to respond to the proposed revision.
Bergen Pines Hospital is a county health care institution which receives a substantial portion of its operating funds from county revenues and which also utilizes the purchasing procedures of the county to obtain its necessities. In early February 1982, an official of the hospital was advised that the Bergen Pines supply of canned tuna, a regular item on the menu, had been completely exhausted. A mistaken vendor delivery of canned tuna later in the month prompted an "in-house" inquiry which brought to light irregularities in the ordering and consumption of tuna.
In April 1982 a series of newspaper articles appeared in the Bergen Record, alleging that significant quantities of canned tuna had disappeared from Bergen Pines. As a result, investigators from the Bergen County Prosecutor's office undertook an extensive review of all of the available documentation concerning the purchase and consumption of food at the hospital, with special attention paid to tuna.
*7 The investigations conducted by both the prosecutor and the grand jury focused on the period from 1979 through June 1982. Investigators undertook to compare figures shown on delivery invoices (the incoming material) with requisition slips (outflow) and estimated that approximately 900 cases of tuna (11 1/4 tons), valued in excess of $50,000, were unaccounted for. In seeking to determine the genesis of and responsibility for the apparent shortages, the grand jury examined hospital recordkeeping and paperflow, bookkeeping and computer procedures, inventory control procedures, security procedures, personnel and hiring policies and practices, employee responsibility and supervision and like matters. The presentment which resulted set forth detailed findings of fact, which included the challenged references to named individuals, and specific recommendations designed to prevent future recurrence of the problems identified in the presentment.

I
The State argues that it was an abuse of discretion for the judge to strike the names of all the individuals in the presentment based on the evidence produced by one. It asserts that, not only did the individuals not contest the presentment, but that the testifying individuals' evidence did not "exonerate" them. We disagree.
R. 3:6-9(c) controls our standard of review in this case. The rule provides in pertinent part that "[t]he action taken by the Assignment Judge pursuant to this rule is judicial in nature and is subject to review for abuse of discretion...." An appellate court should reverse only if there was an abuse or mistaken exercise of that discretion. State v. Steele, 92 N.J. Super. 498, 507 (App.Div. 1966); Kavanaugh v. Quigley, 63 N.J. Super. 153, 158 (App.Div. 1960).
The standard for the assignment judge for review of the presentment is provided by R. 3:6-9(c). "If a public official is censured the proof must be conclusive that the existence of the *8 condemned matter is inextricably related to non-criminal failure to discharge his public duty." The historic reasoning for this high degree of proof was stated by Chief Justice Gummere in a charge to a grand jury in 1907:
[A] presentment is sometimes a cruel thing.... Where a presentment besmirches the reputation of a man he has not the opportunity to justify himself. .. .
A grand jury should be particularly careful in its presentment never to charge an individual with a wrong act that is detrimental to his character unless the proof is absolutely conclusive. [Charge to Grand Jury, 30 N.J.L.J. 306, 307 (O & T 1907)]
As stated by Justice Francis in In re Presentment by Camden Cty. Grand Jury, 34 N.J. 378 (1961), the case upon which the present rule is based:
[C]ensure of a public official is permissible only where it may be said with absolute certainty that his connection with the condemned matter is such that its existence is inextricably related to non-criminal failure to discharge his public duty. More particularly and by way of further qualification, the criticism of the individual is allowable only where it is integrally associated with the main purpose of the report, i.e. to draw critical attention to some undesirable condition in the affairs of the public. [Id. at 391]
The State seeks to categorize the objecting individual's presentation, and demonstrate that each category does not affect the other individuals, in an effort to refute the assignment judge's observation that the proof was so "overwhelming" as to exonerate all six named individuals. The categories are irrelevant as it is the detail brought out by the testimony that brings the State's proofs below the required level of conclusiveness. It does not matter that the individuals themselves presented no proof, as the assignment judge is empowered to strike all or part of the presentment sua sponte. Id. at 400. An examination of the record satisfies us that he had a basis upon which he could exercise his discretion.

II
In the alternative, the State argues that the presentment, as modified, is still a viable document and that it was an abuse of the judge's discretion to strike it in its entirety. We agree.
*9 Judicial discretion, sound discretion guided by law so as to accomplish substantial justice and equity, is a magisterial, not a personal discretion. Id. at 392. It is legal discretion, in which the judge must take account of the applicable law and be governed accordingly. If the judge misconceives or misapplies the law, his discretion lacks a foundation and becomes an arbitrary act. When that occurs, the reviewing court should adjudicate the matter in light of the applicable law to avoid a manifest denial of justice. State v. Steele, supra, 92 N.J. Super. at 507; Kavanaugh v. Quigley, supra, 63 N.J. Super. at 158.
The first obligation of an assignment judge is to determine whether the matter is a proper one for a presentment. In re Presentment by Camden Cty Grand Jury, supra 34 N.J. at 392. A grand jury may investigate conditions affecting the morals, health, sanitation or general welfare of the county, as well as county institutions, and a presentment thereon is proper. Id. at 390-391.
Next, if a public official is censured, the judge should determine whether the conclusiveness standard of R. 3:6-9 has been met. Id. at 392; R. 3:6-9(c).
It is apparent from a reading of the rule and In re Presentment by Camden Cty. Grand Jury, that two standards for evaluating a presentment exist. One is the conclusiveness standard when a public official is involved. Inferentially, whether an official is involved or not, the assignment judge should examine the record to determine if there is a substantial foundation to justify the report, if it is false, based on partisan motives, indulges in "personalities without basis" or if "other good cause" appears. Ibid.; In re Presentment by Camden Cty. Grand Jury, supra at 393. Once a public official is no longer involved, the "conclusiveness" standard drops out. Id. at 400-401 At one point the judge recognized this. At the next hearing, however, during a discussion of the viability of the document with all the names stricken, he said:

*10 THE COURT: Well, no. It can be a viable document if you take it that the conclusiveness test is met even generically. But it's not in my view.
In other words, the additional evidence presented by [deleted] makes it conclusive only that in combination with the purchasing department at the county, the personnel department at the county, the procedure of the Freeholders requiring specific approval by them of every single person hired up there, including [deleted], the red tape involved, so to speak, to get the improvements, to get the contract to improve the storeroom and security, the computer situation is the best way to call it, the situation that they are not permitted to have even a micro at the Pines and yet they're not supplied sufficient service by the mandated data center here at the county.
That implicates all of them. So I feel they could come out with a Presentment conclusively critical of that situation, but not conclusive as to any one of those people whose hands are tied by these problems not thrust upon them from the county.
Upon further argument, defense counsel agreed with the court that, even with the names deleted, "the foundation for [the] document doesn't reach conclusiveness." Clearly the judge and counsel were confused as to which standard applied. Unfortunately, it is not clear from the record upon which standard the judge based his decision.
When the assignment judge signed the order striking the presentment, he hung his decision on the "good cause" prong of R. 3:6-9(c). His "good cause" appears to be the fact that the presentment focused criticism chiefly on Bergen Pines, and not on the county as well. His greatest reservation was that there was not enough language critical of the county. The presentment was not necessarily inaccurate, but unfair. A substantial foundation for the report would only exist if criticisms of the county departments, agencies and freeholders were included.
We believe that the assignment judge mistakenly exercised his discretion. Arguably, he based his decision on the wrong standard of proof. Whether the objecting individual's proofs are included or not, there exists a substantial foundation in the record to support the findings of the grand jury once the individual names and references have been removed. If anything, the individual's proofs serve to underscore the problems with recordkeeping, security, and stable, clear-cut lines of responsibility *11 that the grand jury found. The presentment also noted that the present system of purchasing is essentially sound.
The objecting individual makes several objections to the release of the revised presentment, none of which mandates its suppression. First, it is argued that the presentment paints in so broad a brush as to taint by inference where it cannot taint by reference. Any presentment critical of a situation is going to reflect badly on someone in authority. Objection is made to those sentences that state that the attitude of many administrators was to disclaim responsibility and that there was less cooperation between the county agencies and Bergen Pines than there should have been. These are certainly not inaccurate statements and are supported in the record. This court held in In re Presentment of Camden Cty. Grand Jury that R. 3:6-9 is designed to protect identifiable individuals from censure or reprobation for specific wrongdoing. In re Presentment of Camden Cty. Grand Jury, 124 N.J. Super. 16, 20 (App.Div. 1973). The revised presentment does not strike at individuals so readily identifiable as to subject them to the conclusiveness standard, and where disclosure of deplorable conditions cannot be made without impliedly pointing at someone in authority, comment on the conditions conclusively shown is within the sphere of the grand jury's function. In re Presentment by Camden Cty. Grand Jury, supra, 34 N.J. at 397.
Next it is argued that the revised presentment is not the product of the grand jury. The State's original doubts as to its authority to "edit" the grand jury presentment are irrelevant. The assignment judge instructed the prosecutor to work on the presentment and any "editing" would have been performed under the authority of the assignment judge as provided in R. 3:6-9(c). This power to strike whatever is inappropriate to the presentment must include the marginal power to make the presentment readable, which is all that the changes the prosecutor made after the deletion of the names accomplished. Lastly, the prosecutor explained what his positions on appeal would be, *12 and the grand jury endorsed those positions by voting to take the appeal. Their sentiment, as expressed by one juror, appeared to be that if names were a problem, strike the names, but to put the situation on the public record to correct the problem.
The objecting individual argues that Bergen Pines, the County of Bergen, and all originally named individuals should have the opportunity to be heard and contest the revised presentment. This argument is without merit. No provision in R. 3:6-9 provides for notice to institutions. They are not "public officials," and not entitled to contest the presentment. Because the revised presentment does not name individuals, they are likewise barred from contesting it. Additionally, there is no provision in the rule for a remand. Such a course of action in our judgment would constitute a waste of judicial time, and appears to be interposed solely for the sake of delay. If any individual is prejudiced by the action of the assignment judge or this court, the remedy lies on appeal.
The revised presentment may be released to the public.