IN MATTER OF THE INVESTIGATION INTO THE HAMILTON
TOWNSHIP BOARD OF EDUCATION.

Superior Court of New Jersey
Appellate Division

Submitted October 15, 1985—Decided November 13, 1985.

Before Judges FURMAN, COHEN and ASHBEY.

*B. Dennis O'Connor* attorney for appellant.

*Philip S. Carchman,* Mercer County Prosecutor, attorney for respondent State of New Jersey (*Harvey B. Lester,* Assistant Prosecutor, on the letter brief).

The opinion of the court was delivered by

FURMAN, P.J.A.D.

A management employee of the Hamilton Township Board of Education (Board) appeals from an order to release a presentment of a special Mercer County Grand Jury. The presentment censures appellant by name for misuse of Maintenance Department personnel and materials for his own benefit.

The Special Grand Jury investigation extending over six months culminated in indictments against two management employees of the Board other than appellant, as well as the presentment under challenge on appeal. Appellant is reproved for permitting and accepting the benefit of work by Board maintenance employees on his own residence, in four instances during the work day and in two instances during off hours; and of the use for such work of Board materials, equipment and tools, *e.g.,* ladders, scaffolding, paint brushes and drop cloths.

According to the presentment, board maintenance employees were paid by appellant's wife for off-hours work. The presentment states findings of a pervasive attitude among supervisors that Maintenance Department manpower and materials were available for work for their personal benefit and of a prevailing fear by employees of reprisals for "insubordination."

In accordance with *R.* 3:6–9(c), appellant was granted an *in camera* hearing before the Assignment Judge of Somerset

County to whom the matter was assigned. In his oral opinion approving the release of the presentment, the Assignment Judge does not deal with the issue whether the presentment charges appellant with indictable criminal misconduct. We view that issue as decisive.

*R.* 3:6–9(c) provides:

> If it appears that a crime has been committed for which an indictment may be had, [the Assignment Judge] shall refer the presentment back to the grand jury with appropriate instructions. If a public official is censured the proof must be conclusive that the existence of the condemned matter is inextricably related to non-criminal failure to discharge his public duty.

■ The court rule incorporates the test in *In re Presentment of Camden Co. Grand Jury,* 34 *N.J.* 378, 391 (1961). Prior to a presentment censuring a public official for abuse of his office, the Grand Jury must resolve that the evidence before it is insufficient or lacking for a criminal indictment against him for the same wrongdoing. As the Supreme Court stated at 390:

> [A presentment] castigates him, impugns his integrity, points him out as a public servant whose official acts merit loss of confidence by the people, and it subjects him to the odium of condemnation by an arm of the judicial branch of the government, without giving him the slightest opportunity to defend himself.

■ By that test, appellant was subject to indictment for misconduct in office, *N.J.S.A.* 2C:30–2, but he was not subject to censure by name in a presentment. According to the record before the Grand Jury, he was chargeable with the crime of benefitting himself at public expense: availing himself of the services of Board employees during their work hours and of the use of materials, equipment and tools which were purchased and owned by the Board. We view as immaterial that one or two of the special favors performed for appellant were of minimal dollar value, *e.g.,* adjustment of his attic fan, or that the statute of limitations may have run on some of them. The official wrongdoing for which the presentment reproves him was criminal, even if *de minimis* and even if prosecution was barred by the running of the statute of limitations; it was not "non-criminal" within the language of *Camden Co. Grand Jury.*

Subsequent decisional law is in conformity. Presentments were upheld in the absence of evidence of an indictable offense in *In re Presentment of Essex Co. Grand Jury,* 46 *N.J.* 467 (1966). (comment that named public relations director of Newark Police Department was also on the payroll of a vending operation dominated by a reputed criminal syndicate leader) and in *In re Essex County Grand Jury,* 110 *N.J.Super.* 24 (App. Div.1970) (censure of Newark Mayor for public statement minimizing the evils of illegal gambling). Other reported decisions have approved release of presentments charging criminal misconduct against unnamed and unidentifiable public officeholders, *In re Presentment of Bergen Cty. Grand Jury,* 193 *N.J.Super.* 2 (App.Div.1984) and *In re Presentment of Camden Cty. Grand Jury,* 124 *N.J.Super.* 16 (App.Div.1973).

We reverse and remand for further proceedings not inconsistent herewith, including referral back to a Grand Jury if decided upon by the Assignment Judge. We do not preclude amendment of the presentment by deletion of appellant's name and other specific references by which he may be identified and its release as so amended. We do not retain jurisdiction.