**RECORD IMPOUNDED**

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1678-24

PINE RIDGE REALTY
ASSOCIATES, LLC,

    Plaintiff-Respondent,

v.

A.O.,[1]

    Defendant-Appellant,

and

L.O.,

    Defendant.

_____

APPROVED FOR PUBLICATION

**February 4, 2026**

APPELLATE DIVISION

Submitted November 6, 2025 – Decided February 4, 2026

Before Judges Marczyk, Bishop-Thompson, and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. LT-000523-24.

South Jersey Legal Services, Inc., attorneys for appellant (John Pendergast and Kenneth Goldman, on the brief).

---

[1] We use initials to identify the parties because of allegations of domestic violence. R. 1:38-3(c)(12).

Respondent has not filed a brief.

The opinion of the court was delivered by

BISHOP-THOMPSON, J.A.D.

In this residential landlord-tenant matter, defendant A.O. appeals from the January 2, 2025 order of the Law Division, Special Civil Part, denying her motion to vacate a judgment of possession entered against L.O. and seal the court record. This appeal raises a novel legal question: Does a consent order to surrender property to a landlord constitute a judgment for possession in landlord-tenant cases under our governing law? The answer to this question determines whether such a consent order remains a public record for seven years. We hold a consent order to surrender property to a landlord, based on its substantive nature and underlying purpose, is distinct from a judgment for possession. Accordingly, such a consent order is subject to the sealing requirement under Rule 1:38-3(f)(11), and is shielded from public view.

In February 2023, A.O. and L.O. leased an apartment in Lindenwold from their landlord, plaintiff Pine Ridge Realty Associates, LLC (Pine Ridge). In January 2024, Pine Ridge filed a summary action based on the nonpayment of rent for January and February 2024, taking into account the scheduled February trial date. Sometime after the complaint was filed, A.O. moved out of the

A-1678-24

apartment and returned to her parents' residence due to alleged domestic violence by L.O.

L.O. remained in the apartment. A default judgment for possession was entered against L.O. only and a warrant of removal was subsequently executed. A.O. paid the outstanding rent to Pine Ridge and a consent to surrender the property to the landlord was subsequently signed by the parties on February 29, 2024. The handwritten notation at the bottom of the form stated: "[Pine Ridge] has agreed that [A.O.] may apply to the court to have [the] records . . . shielded from public view pursuant to [Rule] 1[:]38[-11](b)."

A.O. was unable to obtain new housing. She moved to vacate the judgment for possession entered against L.O. and seal the record from public view pursuant to Rule 1:38-3(f)(11), Rule 1:38-11, and Rule 4:50-1(e). In her certification, A.O. stated the judgment for possession appears on background checks conducted by prospective landlords, which prevents her from obtaining new housing.

The court denied A.O.'s unopposed motion and directed the clerk of court to enter a case notice specifying the default judgment for possession was only against L.O., and not A.O. Despite this administrative correction, the court found Rule 1:38-3(f)(11) was dispositive, explaining records of landlord-tenant

cases in which a judgment for possession has been entered cannot be sealed unless seven years have passed from the date of the judgment.

On appeal, A.O. argues the record should be sealed under Rule 1:38-11 because failure to do so will likely cause her irreparable harm. She further argues she "has an overwhelming interest in privacy." A.O. contends the trial court erred by improperly relying on Rule 1:38-3(f)(11) to preclude relief.

At the outset, we note A.O. lacks standing to challenge the entry of default judgment against L.O. A.O. is not "a party or the party's legal representative" and therefore is not authorized to seek relief from a final judgment under our court rule. See R. 4:50-1. However, this does not prevent us from addressing the issue presented.

The issue of first impression is whether a consent order for possession of property constitutes a judgment for possession, and is therefore subject to the requirement that it remain a matter of public record for seven years in a landlord-tenant case pursuant to Rule 1:38-3(f)(11). We conclude it does not.

To resolve this issue, we must construe the application of a court rule. "The approach taken in respect of the construction of court rules is the same as that for the construction of statutes." State v. Anthony, 443 N.J. Super. 553, 564 (App. Div. 2016) (quoting State v. Clark, 191 N.J. 503, 508 (2007)). The

applicability or interpretation of court rules are reviewed de novo. State v. Dickerson, 232 N.J. 2, 17 (2018). We afford "no deference to the trial court's legal conclusions." Kennedy v. Weichert Co., 257 N.J. 290, 302 (2024).

We also review orders denying motions to seal judicial records for abuse of discretion. Hammock by Hammock v. Hoffmann-LaRoche, Inc., 142 N.J. 356, 380 (1995). "A court abuses its discretion when its 'decision is made without rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" State v. Chavies, 247 N.J. 245, 257 (2021) (quoting State v. R.Y., 242 N.J. 48, 65 (2020)). "If the [court] misconceives or misapplies the law, [its] discretion lacks a foundation and becomes an arbitrary act." In re T.I.C.-C., 470 N.J. Super. 596, 606 (App. Div. 2022) (alterations in original) (quoting In re Presentment of Bergen Cnty. Grand Jury, 193 N.J. Super. 2, 9 (App. Div. 1984)).

A judgment for possession may only be entered in three ways: (1) by default judgment, Rule 6:6-3; (2) by the court after a trial, Rule 6:6-5; or (3) by consent, Rule 6:6-4. "A consent judgment [is] defined as an agreement of the parties under the sanction of the court as to what the decision shall be." Cmty. Realty Mgmt., Inc. v. Harris, 155 N.J. 212, 226 (1998) (quoting Stonehurst at Freehold v. Twp. Comm of Freehold, 139 N.J. Super. 311, 313 (Law Div.

1976)).  Additionally, it "must contain a recital that all parties have consented to both the entry and the form of the judgment."  Id. at 228.

Our court rules establish "a general rule in favor of open judicial proceedings, except upon a showing of good cause."  In re T.I.C.-C., 470 N.J. Super. at 607 (citing R. 1:2-1; R. 38-1; Hammock, 142 N.J. at 367-69, 375, 380-82).  Rule 1:38-3(f)(11) permits the sealing of landlord-tenant case records under two circumstances:  "(i) adjudicated or otherwise disposed of landlord tenant cases in which no judgment for possession ever has been entered; and (ii) landlord tenant cases in which judgment for possession was entered seven years ago or longer."

The court entered a default judgment against only L.O., pursuant to Rule 6:6-3.  There was no default, trial, or decision on the merits as to A.O.  Instead, A.O. and Pine Ridge reached an agreement by consenting to the surrender of the apartment and the sealing of the record.  Further, the consent order to surrender property does not contain the operative language of the model form contained in our court rules, namely:  "consent judgment" and "[t]he [t]enant . . . agrees to immediate entry of a [j]udgment for [p]ossession."  Consent to Enter Judgment (Tenant Vacates), Pressler & Verniero, Current N.J. Court Rules, Appendix XI-W, at 2134 (2026).

The consent order to surrender the property is, both in nature and effect under our governing law, fundamentally different from a judgment for possession, and therefore does not trigger any of the court rules applicable to the entry of a judgment for possession. Although the court acknowledged Rule 1:38-3(f)(11) governed A.O.'s request to seal the record, it erred by failing to recognize the clear distinction between a consent order to surrender property and a judgment for possession. We therefore conclude the court misapplied its discretion and Rule 1:38-3(f)(11), because the case was not disposed of by a judgment for possession. Accordingly, we hold a consent order to surrender property is subject to the sealing requirement under Rule 1:38-3(f)(11) and is shielded from public view.

We therefore reverse the court's order denying A.O.'s unopposed motion to seal the record and direct the trial court to enter an order sealing the court records. Thus, we need not determine whether there was a showing of "good cause," as defined by Rule 1:38-11(b).

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

7                                                          A-1678-24